JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Theodore Rodgers

## DEFENDANTS
City of Philadelphia, et al

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Rightmyer, Esquire; Patrick G. Geckle, LLC; 1845 Walnut Street; Suite 2300; Philadelphia, PA 19103; 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** ☐ 530 General |  ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | **IMMIGRATION** |  |
|  | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 462 Naturalization Application / ☐ 463 Habeas Corpus - Alien Detainee / ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause:
42 USC 1983 - Excessive Force - Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/5/10

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3217 N. Spangler Street, Philadelphia, PA 19129

Address of Defendant: c/o Law Department, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Ridge and Huntingdon in Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John N. Rightmyer, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/5/10 _____Attorney-at-Law_____ 73199 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/5/10 _____Attorney-at-Law_____ 73199 Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3217 N. Spangler Street, Philadelphia, PA 19129

Address of Defendant: c/o Law Department, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Ridge and Huntingdon in Philadelphia
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, John N. Rightmyer, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/5/10      _____ Attorney-at-Law      73199 PA Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/5/10      _____ Attorney-at-Law      73199 PA Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Theodore Rodgers : CIVIL ACTION
: 
v. :
:
City of Philadelphia, et al :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 3/5/10 | John Rightmyer, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-3326 | 215-735-4712 | jrightmyer@pgglaw.com |
| | | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE RODGERS<br>    Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA,<br>RON DAVIS, POLICE OFFICER, BADGE # 2052,<br>JANE DOE, POLICE OFFICER,<br>JOHN DOE, POLICE OFFICER,<br>JOHN ROE, POLICE OFFICER,<br>individually and as a police officer for the City of<br>Philadelphia,<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    Defendants | Civil Action No. _____ - _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 USC Section 1983. Jurisdiction is based upon 28 USC Section 1331 and 1343(1), (3) and (4) as well as the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367(a) to hear and adjudicate state law claims.

### Parties

2. Plaintiff Theodore Rodgers is an adult individual and resident of the State of Pennsylvania, and at all times relevant and material to this action resided therein at 3217 N. Spangler Street, Philadelphia PA 19129.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which at all times relevant and material hereto employed the officer Defendants.

4. Defendant Ron Davis (hereinafter "Davis") is an adult individual and police officer for the Philadelphia Police Department, badge # 2052, who was at all times relevant and material hereto acting under color of state law. He is being sued in his official and individual capacities.

5. Defendant Jane Doe is an adult individual, female caucasian, and police officer for the Philadelphia Police Department who was at all times relevant and material hereto acting under color of state law. She is being sued in her official and individual capacities.

6. Defendant John Doe is an adult individual and police officer for the Philadelphia Police Department who was at all times relevant and material hereto acting under color of state law. He is being sued in his official and individual capacities.

7. Defendant John Roe is an adult individual and police officer for the Philadelphia Police Department who was at all times relevant and material hereto acting under color of state law. He is being sued in his official and individual capacities.

8. At all times relevant and material hereto, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff Rodgers of his constitutional and statutory rights.

### Factual Allegations

9. On March 7th, 2008, around 12:30 am Plaintiff Rodgers was driving with a friend in the vicinity of Ridge Avenue and Huntingdon in Philadelphia when a police car flashed its lights from behind him signaling for him to pull over off the road and stop.

10. Plaintiff Rodgers then pulled over his vehicle at the nearest available appropriate spot for stopping without significantly obstructing the roadway, rolled down his driver's side window, and waited to speak with the officer in the police car - Defendant Davis.

11. Defendant Davis proceeded to the open driver's side window and ordered Plaintiff Rodgers to put his hands on the steering wheel which Plaintiff did.

12. Defendant Davis then ordered Plaintiff to get out of the car to which Plaintiff replied that he had to undo his seat belt first and would be taking one of his hands off the steering wheel.

13. As soon as Plaintiff undid his seat belt, Defendant Davis, without allowing Plaintiff a moment to get out of the vehicle, ripped open the driver's side door damaging the door handle and roughly dragged and pulled him out by the jacket and moved him to the back of the van where he commanded Plaintiff to put his hands on the van's back window.

14. Plaintiff complied with Defendant Davis' commands and was patted down and frisked by Defendant Davis behind the van.

15. Defendant Davis then commanded Plaintiff to put his arms behind his back, to which he complied, and was handcuffed by Defendant Davis.

16. Plaintiff Rodgers then asked Defendant Davis "why all this?"

2

17. Defendant Davis responded by commanding Plaintiff to "get down" and immediately pushing Plaintiff, while handcuffed, forward where he landed upon his knees.

18. Plaintiff Rodgers asked Defendant Davis why is this type of treatment called for to which Defendant Davis offered no reply.

19. Other officers, including Defendants Jane Doe, John Doe and John Roe arrived by vehicle to where Plaintiff and Defendant Davis's vehicles were stopped.

20. Together, Defendant officers got Plaintiff on the ground face down, handcuffed behind his back and then placed handcuffs on his ankles.

21. Defendant officers then proceeded to joke about Plaintiff and told him "we got you again."

22. Defendant Jane Doe then started treading on Plaintiff's back and body and legs.

23. Plaintiff told her to get off of him and asked the other Defendant officers to make her stop treading on him.

24. Defendant Jane Doe proceeded to bait and verbally taunt Plaintiff as she tread on him saying that she was not going anywhere, that he was a big guy and could "handle" what she was doing, and that he was a "tough guy."

25. While Defendant Jane Doe engaged in the above conduct, the other Defendant officers, including Defendant Davis were present and did nothing to stop what was happening.

26. As Plaintiff became more frightened and angry he tried to wriggle on the ground to get Defendant Jane Doe to stop treading on him and called out to the Defendant officers saying "how can you let her do this?!"

27. Hearing only laughter from the Defendant officers Plaintiff Rodgers screamed for "help" when he heard the Defendant officers tell his friend to get out of there and leave the scene which he did.

28. Defendant officers then lifted Plaintiff off the ground and recklessly slung/threw him into the back of a police van roughly causing him to break off part of one of his top front teeth.

29. Plaintiff was then taken and held in custody for hours until he was released after being charged with driving under the influence and misdemeanor possession of a controlled substance.

30. The criminal charges brought against him as a result of the incident were ultimately dismissed.

3

31. Plaintiff was never issued any traffic citations for the alleged running a red light which Defendant Davis stated precipitated his stopping Plaintiff's vehicle at the start of the aforementioned incident.

32. Plaintiff was never charged with resisting arrest, assaulting an officer, or fleeing apprehension in connection with the aforementioned incident.

33. At no time did Plaintiff resist arrest, assault any officer, attempt to flee, or disobey any command of the Defendant officers during the incident nor did he run the red light before he was pulled over by Defendant Davis.

34. At no time did Plaintiff commit any act or offense against the laws of the Commonwealth of Pennsylvania or against the Defendant officers which would justify the actions of the Defendants.

35. The unlawful detention, arrest, search, abuse, and use of unreasonable force in this case were the direct result of Defendants' pattern, practice, and custom of subjecting civilians such as Plaintiff Rodgers to unreasonable force, detention, arrest, and prosecution in the absence of probable cause or legal justification.

36. The Defendant officers acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff Rodgers' constitutional and statutory rights.

37. As a direct result of the actions of Defendants described above Plaintiff suffered and was treated by medical professionals for pain and injury to his back, knees, shoulders, legs, wrists, right 5th finger, front tooth and arms.

37. As a direct and proximate result of the actions of all Defendants, Plaintiff Rodgers suffered and continues to suffer physical and psychological harm, pain, suffering, and physical disfigurement, some or all of which may be permanent, as well as financial losses.

38. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff Rodgers' constitutional rights by subjecting him to unreasonable force and an unlawful arrest, search and malicious prosecution.

## COUNT I
## FEDERAL CIVIL RIGHTS VIOLATIONS

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as if set forth at length here.

40. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff Rodgers was deprived of her right to be free from unreasonable and excessive force, an unlawful detention, search and seizure, unlawful arrest, malicious prosecution, to be

secure in his person and property, and to due process under the law. As a result, Plaintiff Rodgers suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 USC Section 1983.

41. As a direct and proximate result of the acts of all Defendants, Plaintiff Rodgers sustained physical injuries, emotional harm, loss of liberty, and financial losses, all to his great detriment and harm.

42. Defendant City of Philadelphia has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training supervision, investigation or discipline in the areas of:
a) The use of unreasonable force, excessive force and unlawful arrest by police officers;
b) The use of unlawful pretext by officers to initiate, justify and support the stopping, detention, search and seizure of civilians without probable cause or reasonable basis;
c) The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority and incidents of police misconduct;
d) The investigation and monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as police officers and adhere to the law and their training;
e) The failure to identify and take remedial action or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
f) Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends and results not reasonably related to their duties as police officers and not justified by the law;
g) The failure of police officers, given reasonable opportunity, to intervene to immediately stop as well as truthfully report to their supervisors and IAB the misconduct of their fellow officers, including, but not limited to the unjustifiable abuse of civilians and use of excessive and unreasonable force upon civilians; and
h) The failure of police officers to follow established policies, procedures, directives, training, memorandum, orders, and instructions regarding the use of force and arrest powers under such circumstances as presented herein as well as the full and truthful reporting to superior officers and IAB of such failures and disobedience by fellow officers.

43. The Defendant City of Philadelphia failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of civilians' constitutional rights by fellow Philadelphia Police Officers, thereby causing and encouraging Philadelphia police officers, including the Defendant officers herein, to violate the rights of citizens such as Plaintiff Rodgers.

44. Defendants have by the above actions and omissions deprived Plaintiff Rodgers of his rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution in

violation of 42 USC Section 1983.

WHEREFORE, Plaintiff Theodore Rodgers requests of this Court the following relief:
a. Compensatory damages against all Defendants;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Such other and further relief as the Court deems reasonable, appropriate and just; and
e. A jury trial as to each Defendant and as to each count.

## COUNT II
## SUPPLEMENTAL STATE LAW CLAIMS

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as if set forth at length here.

46. The acts and conduct of the Defendant officers in this matter constituted assault and battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff Theodore Rodgers requests of this Court the following relief:
a. Compensatory damages against all Defendants;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Such other and further relief as the Court deems reasonable, appropriate and just; and
e. A jury trial as to each Defendant and as to each count.

Dated: 3/4/2010

PATRICK G. GECKLE LLC

BY: _____
John N. Rightmyer, Esquire
PA Id. No. 73199
1845 Walnut Street, Suite 2300
Philadelphia, PA 19103
Counsel for Plaintiff Rodgers

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE RODGERS being duly sworn according to law, deposes and says that he is the Plaintiff in the within matter and that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of his knowledge, information and belief, and that this statement is made subject to the penalties of 28 U.S.A. § 1746, relating to unsworn falsifications to authorities.

_____
THEODORE RODGERS

DATED: _____